PEOPLE ex rel. MEYER v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department. December 17, 1897.)

POLICE COMMISSIONERS—REMOVAL OF POLICEMAN.

Where the police commissioners of New York City are called upon to sit in judgment upon an offense committed in the presence of one of them, who is not a witness to prove it, or who, being a witness, has not to pass

upon a conflict of testimony, he has no. such interest in the result of the trial as to disqualify him from sitting in judgment.

Van Brunt, .P. J., dissenting.

Certiorari by the people, on the relation of Joseph A. Meyer, to review proceedings of Theodore Roosevelt and others, as police commissioners.   Writ annulled.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.   ·

Louis J. Grant, for relator.

Terence Farley, for respondents.

RUMSEY, J.   On the 28th of May, 1896, the relator was tried upon certain charges, of which, on the 22d day of July, 1896, he was found guilty, and was sentenced to be dismissed from the police force.   It is unnecessary to consider particularly the nature of the charges, or the evidence against the relator to support them.   They were sufficiently proved, and the action of the board in dismissing him was amply justified.   The only question presented is as to the regularity of the proceedings which resulted in his dismissal.

The first and most serious charge against the relator was an offense, the commission of which was observed by the president of the police board and Commissioner Andrews, one of his colleagues, by whose testimony it was established.   There was substantially no dispute as to the material facts.   Commissioner Roosevelt, the president of the board, in whose presence the offense was committed, did not attend at the taking of the testimony, and took no part in any of the proceedings until the final hearing, upon which the relator was dismissed, when it appears that he sat as one of the commissioners, and voted for his dismissal.   It is claimed that as Commissioner Andrews was a witness at the hearing, and afterwards took part in the proceedings of the board which resulted in the conviction and dismissal of the relator, the court was irregularly constituted, and for that reason the proceedings should be reversed.   The commissioners of the police force of the city of New York are by the statute intrusted with authority to make rules, orders, and regulations for the government, discipline, administration, and disposition of the police force.   They are made responsible that the men of the force are properly trained and disciplined, and for the due and proper performance of all their duties.   Consol. Act, § 250.   Upon them is imposed the duty of making all appointments to the police force.   Id. § 265.   They make all details for special and other duties which policemen are called upon to perform, and all promotions in the force come directly from them, and are made at their discretion.   Id. § 271. For the proper performance of all these duties, it is necessary that they should acquaint themselves with the qualifications of all members of the force; that they should observe their conduct, watch their behavior, and thus enable themselves to ascertain whether the men upon the force perform their duties properly, and are fit persons from whom to make promotions to the various grades.   To do this properly, of course, requires frequent inspection, and close observa-

tion of the conduct of the men.    In the performance of this duty, it is quite likely that the commissioners will detect violations of the rules, and improper conduct, on the part of the members of the force, if any such thing takes place.    But the board of police commissioners are also the sole tribunal intrusted with the power to punish violations of the rules and infractions of discipline by any members of the police force.    Id. § 272.    While this power is given to them by the statute, it is also expressly provided that no punishment shall be inflicted but by a vote of a majority of the commissioners.    Id. § 251.    As any ill conduct on the part of the policeman which is detected by one of the commissioners can only be punished by a vote of the board, of which he is a necessary member, it follows that in some cases, unless the commissioner who observed the charges remained qualified to vote upon the question of the guilt of the person accused of them, and to decide upon his punishment, violations of the rule would necessarily go unpunished, and thus it would occur that the more vigilant and active the commissioners were in the performance of their duties, and in the inspection of the force, the more likely it would be that they would not be able to punish the members of the force for misbehavior.    It can hardly be supposed that the legislature intended to establish any such condition of affairs.    It is quite true that members of the police force, before they can be punished for any offense, are entitled to a hearing upon charges to be preferred against them, and, to a certain extent, the hearing of those charges partakes of the nature of a trial; but the board of police commissioners, in the performance of those disciplinary duties, are not a court.    They are a subordinate and administrative tribunal, and their action must be examined in view of the peculiar manner in which it has been conferred, and of the way in which the court is organized (People v. Police Com'rs, 93 N. Y. 97), and the strict legal rules which apply to the qualification of a judge sitting in a court cannot be applied to them.    In the performance of these duties their position is unique, and is not analogous to the situation of a judge or of a court, except, perhaps, in the few cases where a judge is called upon to punish summarily for contempt committed in the presence of the court, in which case he acts upon personal observation, and inflicts summary punishment for an offense committed in his own presence.    Although in that case the judge may be said, in a sense, to be interested, yet he is not disqualified from acting because of that interest.    But in a case where the police commissioners are called upon to sit in judgment upon an offense committed in the presence of one of them, who is not a witness to prove it, or who, being a witness, has not to pass upon a conflict of testimony, we are not prepared to say that he would have any such interest in the result of the trial as would operate to disqualify him from sitting in judgment.    The interest, if any, is not at all a personal one, but it is only such as arises from the fact that the matters in question happen to be within his personal knowledge.    In that case it can hardly be said, we think, that the commissioner, because he happens to have personal knowledge of the facts involved in the trial, is a judge in his own case, and thus disqualified by interest from passing upon

the questions presented to the commissioners. The police commissioners are the sole tribunal to hear complaints for violations of the rules and discipline of the police force, and the action of a majority of them is necessary to punish offenses and enforce discipline. Where that is the case, even a personal interest in the result is not sufficient to disqualify a member of the tribunal from sitting, if his presence is necessary to constitute the court. The rule is that where, from the peculiar circumstances, as in criminal districts having by law but one tribunal, or one or more magistrates, alike interested, no one can act if they do not, from the necessity of the case it must be taken that the statute creating the tribunal had virtually declared that such interest should not in such cases oust the court of jurisdiction, and thus wholly defeat the operation of the law. Com. v. McLane, 4 Gray, 427, 428. It may be that if there was a grave conflict of testimony between the commissioner who gave evidence on the hearing and the defendant, so that he would be called upon to decide as to the truth of the transaction upon seriously contested evidence, or if he were such a party to the transaction as that it involved his important personal interests, it would not be seemly that he should sit as a judge upon the final disposition of the case; but even in that case, if it were necessary that he should sit in order to finally dispose of the matter, we are not prepared to say that the action of the commissioner was irregular because he sat as a member of the board. The decision of that question can be left until it has been presented. But in this case, where it is quite clear that the commissioner can have no personal interests, and where there was no conflict of veracity between himself and the defendant, it was not improper for him to take part in the final disposition of the case. He occupied precisely the same situation as any other person intrusted with the maintenance of discipline, who must necessarily act, and who is sometimes called upon to take action in view of what he observed himself. There was no error in the composition of the court, and the proceedings of the commissioners must be confirmed, and the writ annulled.

PATTERSON, O'BRIEN, and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I dissent. I cannot imagine a case in which, where a party is entitled to a trial, it would be proper for a judge who is to weigh the evidence to be the witness to prove the fact sought to be established. Such a procedure would make a trial a farce, and it has been too frequently held that these trials are not mere forms, but matter of substance, in the conduct of which the party accused is entitled to the protection of all the rules governing quasi judicial tribunals, to allow such a departure from ordinary judicial procedure.