No. 81-484

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

SAVAGE PUBLIC SCHOOLS, RICHLAND CO.
ELEMENTARY DISTRICT #7, and HIGH SCHOOL
DISTRICT #2,

                    Petitioners and Respondents,

        vs.

SAVAGE EDUCATION ASSOCIATION, AFFILIATED
WITH MONTANA EDUCATION ASSOCIATION, and
MONTANA BOARD OF PERSONNEL APPEALS,

                    Appellants and Respondents.

---

Appeal from: District Court of the Seventh Judicial District,
            In and for the County of Richland
            Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

    For Appellants:

        Hilley & Loring, Great Falls, Montana
        Emilie Loring argued, Great Falls, Montana
        James Gardner argued, Helena, Montana

    For Respondents:

        R. W. Heineman argued, Wibaux, Montana
        Gene Huntley, Baker, Montana

    For Amicus Curiae:

        Smith Law Firm, Helena, Montana
        Chadwick Smith argued, (Montana School Boards Assoc.)
          Helena, Montana

---

                        Submitted:   May 14, 1982

                        Decided:    July 6, 1982

Filed: JUL 6 - 1982

Thomas J. Kearney

_____
                        Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The Savage Education Association (SEA) and the Board of Personnel Appeals (the Board) appeal from the decision of the Richland County District Court reversing the Board's order. The Board had found that the School District had committed an unfair labor practice in violation of section 39-31-401(5), MCA, by its refusal to submit a grievance to arbitration. The Board specifically stated that the School District enjoyed unfettered discretion in hiring decisions, but their failure to arbitrate the procedural conditions for nonrenewal of a nontenured teacher violated the collective bargaining agreement between the parties. In reversing the Board's order, the Richland County District Court went far beyond the narrow ruling of the BPA and held that all matters relating to hiring and nonrenewal of nontenured teachers were statutorily and contractually reserved to the sole discretion of the school district.

On appeal, the SEA and Board contend that the District Court abused its discretion by deciding issues not ruled upon by the administrative agency. We find that the District Court exceeded the proper scope of judicial review and reverse its judgment, reinstating the Board's final order. We hold that the refusal of the school district to arbitrate whether the procedural steps for nonrenewal were followed was a breach of the collective bargaining agreement and constituted an unfair labor practice. Because the question is not properly before us, we do not address the other issue raised by appellants: Whether a school district may agree to arbitrate the substantive basis of nonrenewal of a nontenured teacher.

-2-

As the exclusive representative for the teachers, the SEA

entered into a collective bargaining agreement with the

school district.  Art. XVII of the agreement provides for a

grievance procedure with final and binding arbitration as

the final step.  Art. XIII, § 2 of the agreement guaranteed

certain procedural rights to nontenured teachers:

> "Section 2: Notice of Termination (Nontenure):
> Every nontenure teacher being terminated shall
> be entitled to the following:
>
> "1.  The teacher shall be notified in writing
> before the fifteenth (15) day of April.
>
> "2.  Within ten (10) days after receipt of such
> notice the teacher may request, in writing, a
> written statement declaring clearly and explicitly
> the specific reason(s), for the termination of
> his or her service.  The school district will
> supply such statement within ten (10) days after
> the request.
>
> "3.  The teacher may, within ten (10) days after
> receipt of the statement of reasons, appeal the
> termination through the grievance procedure."

On March 29, 1979, the school district notified two

nontenured teachers that their contracts would not be

renewed for the following year.  The teachers filed a timely

grievance alleging violation of certain articles in the

collective bargaining agreement.  The matter went through

the initial steps of the grievance procedure without satisfactory

resolution.  The SEA demanded arbitration, but the school

board refused, and the matter was submitted to the Board.

The hearing examiner found that the parties had, under

the collective bargaining agreement, agreed to allow a

nontenured teacher to submit the matter or nonrenewal to

arbitration, and had, therefore, refused to bargain in good

faith by refusing to submit the issue of teacher nonrenewal

to arbitration.  The school district appealed the hearing

examiners findings and conclusions to the Board.

On appeal, the Board found that the issue for arbitration

was much narrower and concerned only whether the procedure

agreed to by the parties was properly used in termination of the teachers. The Board very specifically stated:

> ". . . An arbitrator, therefore, merely has to determine whether or not the procedure agreed to by the parties was properly used in the termination of the nontenured teacher. The basis of the dismissal is not a subject of review by the arbitrator. That is, if the teacher was properly evaluated and the basis for the dismissal was discussed with the teacher, then the termination will be upheld. The basis of the termination could be for a good reason or a bad reason, so long as it was discussed with the teacher. As far as this Board can see, the school district has retained unfettered control over the reasons for dismissal of a nontenured teacher is just, this Board will reserve for a different hearing where that issue is presented to it."

The District Court did not address the very narrow interpretation of the Board. Rather, it adopted the arguments of the school district and held that the school district has the sole discretion not to renew the contracts of the two nontenured teachers; that the nonrenewal of their contracts was not a grievance under the collective bargaining agreement; and that the school district was without authority to bargain with the SEA regarding matters of inherent managerial prerogatives, including hiring and retention of employees.

Appellants, SEA and the Board, take exception to all of the District Court's findings and contend that the District Court did not decide the issue that was before it. The SEA and the Board claim that the District Court was limited in its review of the Board's order which required that the only issue to go to arbitration was whether the termination procedures of the bargaining agreement were followed. The District Court went on to decide the broader issue of whether the school district has to arbitrate the substantive basis of nontenured teacher nonrenewal.

The judgment of the District Court is very broad and does not address the specific ruling of the Board. Judicial

-4-

review of the Board is governed by section 39-31-409, MCA, and section 2-4-701, et seq., of the Montana Administrative and Procedure Act. A review of the Board's order, in conjunction with the judgment of the District Court clearly shows that the District Court exceeded the proper scope of judicial review. The Board recognized that the issue as to whether nonrenewal was for just cause was not before it. It was unnecessary for the District Court to address the issue.

The school district argues that it was the Board who failed to address the issue stipulated to it by the parties. The stipulated issue was: "whether the refusal of the school district to submit the matter of nonrenewal of a nontenured teacher to binding arbitration is a refusal to bargain in good faith . . ." The Board clearly considered this issue and narrowed it to fit the situation.

The procedures outlined in Art. XIII, § 2 of the Collective Bargaining Agreement merely grant nontenured teachers the right to notice and an explanation for their nonrenewal. These same procedures are already provided for by statute. See section 20-4-206, MCA. The provision of the collective bargaining agreement at issue here merely incorporates these statutory requirements and allows the nontenured teacher access to the grievance procedure for alleged noncompliance by the school district. This does not affect any of the statutorily or contractually reserved management rights of the school district. Such procedural steps for nonrenewal are clearly "conditions of employment" and are subject to collective bargaining. As we stated in Wibaux Ed. Ass'n. v. Wibaux Cty. High School (1978), 175 Mont. 331, 573 P.2d 1162:

"It is clear that arbitration [under the collective bargaining agreement] would be available on a limited basis if the 'grievance' was that the school officials or School Board failed to comply with either the evaluation or hearing procedures outlined in [the agreement]." 573 P.2d at 1164.

The refusal of the school district to submit this matter to arbitration violated Art. XIII, § 2 of the Collective Bargaining Agreement. This was a failure to bargain in good faith and constitutes an unfair labor practice as defined in section 39-31-401(5), MCA. See City of Livingston v. Montana Council No. 9, etc. (1977), 174 Mont. 421, 571 P.2d 374.

By deciding issues not properly before it, the District Court exceeded the proper scope of judicial review. Accordingly, we reverse the judgment of the District Court and reinstate the Board's final order.

_____
Chief Justice

We Concur:

_____

_____

_____

_____

_____
Justices

-6-

Mr. Justice Daniel J. Shea concurring:

I join in the majority opinion but also add that perhaps the trial court would not have been so broad in its rulings, that is, deciding issues not before it, if it had not adopted word for word the proposed findings and conclusions of the prevailing parties. A casual study of the respondents' proposed findings and conclusions would have demonstrated that they exceeded by far the issues which the trial court was called on to decide.

_____
Justice