No. 86-141

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

CITY COUNTY OF BUTTE-SILVER BOW,
et al.,

Petitioners and Appellants,

-vs-

MONTANA STATE BOARD OF PERSONNEL
APPEALS, et al.,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert McCarthy, County Attorney, Butte, Montana
Ross Richardson & Brian Holland argued, Deputy County
Attorneys, Butte, Montana

For Respondent:

Mary Anne Simpson argued, Dept of Labor & Industry,
Helena, Montana

---

Submitted: November 20, 1986

Decided: February 5, 1987

Filed: FEB 5 - 1987

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the First Judicial District in and for the City/County of Butte-Silver Bow, Montana. The District Court upheld a decision by the Montana Board of Personnel Appeals that the City/County of Butte-Silver Bow refused to abide by the parties' collective bargaining agreement in violation of § 39-31-401(5), MCA. We reverse and remand.

The Butte-Silver Bow Law Enforcement Commission heard charges brought against police officer Gale Wood pursuant to § 7-32-4155, MCA, which is part of the Metropolitan Police Act, and Butte-Silver Bow Ordinance 14, which in pertinent parts is identical to the state act. Following the hearing, the Commission found the officer guilty of neglect of duty, misconduct in office, and conduct unbecoming an officer. His termination as an officer was approved by the chief executive of Butte-Silver Bow, pursuant to § 7-32-4161, MCA. The officer then filed a petition in District Court pursuant to § 7-32-4164, MCA, seeking judicial review of the law enforcement commission's decision. The District Court affirmed the decision and we upheld in Wood v. Butorovich (Mont. 1986), 716 P.2d 608, 43 St.Rep. 546.

Concurrently, Officer Wood pursued remedies through his union under the grievance procedure, Article 14, of the Collective Bargaining Agreement between the officer and Butte-Silver Bow. Butte-Silver Bow (appellant) refused to grieve the matter as being outside the grievance procedure, contending Wood's exclusive remedy was pursuant to § 7-32-4164, MCA. The union filed an unfair labor practice complaint against Butte-Silver Bow for refusal to bargain in

2

good faith in violation of § 39-31-401(5), MCA, with the Board of Personnel Appeals.

The parties stipulated to certain facts and to the issue to be decided, namely, whether appellant violated § 39-31-401(5), MCA, by refusing to process Officer Wood's grievance. The hearing examiner concluded the statute had been violated, and ordered appellant to process the grievance. Appellant filed exceptions and a hearing was held before the Board of Personnel Appeals, which adopted the hearing examiner's findings, conclusions, and recommended order. Appellant petitioned for judicial review. Following a hearing, the District Court affirmed the holding of the Board of Personnel Appeals. Appellant's motion to amend and a motion for a new trial were denied. This appeal followed.

We are asked to decide whether the District Court erred in affirming the findings of the Board of Personnel Appeals that Butte-Silver Bow violated § 39-31-401(5), MCA, by refusing to process Officer Wood's grievance. When the issue is one of law, the Court is free to reach its own conclusions from the evidence presented. Section 25-7-102, MCA.

Resolution of the issue turns on whether the grievance procedure in the then existing collective bargaining agreement between Officer Wood and appellant provides a remedy for a police officer which is in addition to that set out in § 7-32-4155 of the Metropolitan Police Act. The Metropolitan Police Act, § 7-32-4101 et seq., MCA, enacted in 1907, fixes the conditions under which a policeman may be appointed, may continue to enjoy the office, and may be removed therefrom. A police commission, § 7-31-4151, MCA, has the duty and the exclusive jurisdiction to hear, try and decide all charges brought by any person against any officer or member of the police department. See State ex rel. Mueller v. District Court (1930), 87 Mont. 108, 113, 285 P.

3

928, 930; In the Matter of Dewar (1976), 169 Mont. 437, 443, 548 P.2d 149, 153. The officer then has the right of appeal to the District Court pursuant to § 7-32-4164, MCA:

> District court review. The district court of the proper county shall have jurisdiction to review all questions of fact and all questions of law in a suit brought by any officer or member of the police force, but no suit to review such hearing or trial or for reinstatement to office shall be maintained unless the same is begun within a period of 60 days after the decision of the police commission or order of the mayor has been filed with the city clerk.

The collective bargaining agreement between appellant and Officer Wood provides in Article 3, Sec. 2 that after a thirty day probationary period and confirmation of appointment by the police commission, an "applicant becomes a member of the police force and holds such position during good behavior unless suspended or discharged as provided by law." The agreement specifically incorporates the Metropolitan Police Act in Article 31, in which the parties "agree and recognize that the [Butte-Silver Bow] law enforcement department is subject to the regulations of the Metropolitan Police Law of the State of Montana . . . " Therefore Butte-Silver Bow's method for discharge is that found in the Metropolitan Police Act. Article 14, Sec. 4, of the agreement defines grievance as "a complaint by an employee that he/she has been treated unfairly or unjustly in the interpretation or application of [the agreement's provisions]." Thus a grievance arises only on a misapplication of a provision of the agreement. Neither party claims a misapplication of the method of discharge.

By the agreement's own terms, the Act is applicable. It was applied. The agreement, pursuant to the Act, provides

4

adequate administrative and judicial determination and review when an officer is discharged. It does not provide a grievance procedure for termination. The parties to this agreement are bound by these terms.

Officer Wood seeks further review of the same conduct by a different body. Such an attempt could result in contradictory holdings. More importantly, however, the terms of the agreement do not permit this course of action.

We find appellant did not commit an unfair labor practice because the terms of the agreement were followed. Therefore, we reverse and remand to the District Court for an order consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

Justices

Mr. Justice John C. Sheehy, dissenting.


The majority are in grievous error when they conclude that the metropolitan police law (Title 7, Ch. 32, Part 41, MCA) precludes the grievance procedures allowable to a terminated policeman under his union's collective bargaining agreement.

The majority members ascribe "exclusive" jurisdiction to the police commission under § 7-32-4155, MCA. The words "exclusive" or "exclusive remedy" are not to be found in § 7-32-4155, or any other part of the statute which is a part of the Metropolitan Police Law. The assertion that procedure before the police commission is "exclusive" is a legislative amendment to the Metropolitan Police Act beyond the power of this Court to adopt.

Under § 39-31-305, MCA, collective bargaining includes the performance of the mutual obligation of the public employer and the representatives of the workers to negotiate in good faith with respect to wages, hours, fringe benefits, "and other conditions of employment or the negotiation of an agreement or any question arising thereunder." This Court said in City of Livingston v. Montana Council No. 9 (1977), 174 Mont. 421, 425, 571 P.2d 374:

> The Supreme Court has held "collective bargaining is a continuing process." Among other things it involves . . . protection of employees rights already secured by contract. Connelly v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, 85 (1957). The processing of grievances in grievance hearings is collective bargaining. Timken Roller Bearing Company v. National Labor Relations Board, 161 F.2d 949, 954 (U.S.C.A. 6th, 1947). In Ostrofsky v. United Steel Workers of America, 171 F.Supp. 782, 790 (D.M.D. 1957) aff'd 273 F.2d 614 (U.S.C.A. 4th, 1960), cert.den. 363 U.S. 849, 80 S.Ct. 1628, 4 L.Ed.2d 1732 (1950), the Court stated:

- 6 -

". . . the employer had the same duty to bargain collectively over grievances as over the terms of the agreement."

When the Union and Butte-Silver Bow recognized in their collective bargaining agreement that the law enforcement department is subject to the regulations of the Metropolitan Police Law, it was a recognition of all of the provisions of that Act, including limits on salary, provisions for retirement, as well as the provisions contained in the Act for the termination of a policeman. Nothing in the collective bargaining agreement excluded, withdrew or cancelled the right of the employee to found a grievance on the termination proceedings before the police commission within § 4, Art. 14, of the Collective Bargaining Agreement:

> § 4: A grievance shall mean a complaint by the employee that he she has been treated unfairly or unjustly in the interpretation and application of the provisions of this agreement or of established policy or practice.

When the terminated police officer in this case filed his grievance, he was proceeding under the Collective Bargaining Agreement but Butte-Silver Bow refused to process his grievance. The refusal by Butte-Silver Bow to follow the grievance procedure which it had bargained for amounted to a failure to bargain in good faith and constituted an unfair labor practice. See Savage Public Schools v. Savage Education Association (1982), 199 Mont. 39, 647 P.2d 833.

The Collective Bargaining Agreement further provided that even the interpretation of the agreement might give rise to a grievance which would have to be processed under the agreement. Section 6, Art. XIV, provided:

> Section 6: Any grievance or dispute which may arise between the parties including the application, meaning or interpretation of this

- 7 -

agreement shall automatically proceed to the next step. (Emphasis added.)

Under the Collective Bargaining Agreement, if Butte-Silver Bow disagreed with the application of the Collective Bargaining Agreement to the termination proceedings before the Commission, under the grievance procedure it could refer that question to an arbitrator. It was that step that should have been taken under the agreement by Butte-Silver Bow. Instead it chose to breach its grievance procedure agreement which it had bargained for, and it was thereby guilty of an unfair labor practice.

Finally, terminated Officer Wood is not a party to this action. The parties are Butte-Silver Bow, the Montana State Board of Personnel Appeals, which has determined that Butte-Silver Bow committed an unfair labor practice, and the local union of the American Federation of State, County and Municipal employees (AFL-CIO). The union is before this Court claiming that Butte-Silver Bow, in refusing to process a grievance, has violated its Collective Bargaining Agreement. That sole issue should be decided by us, and not the prospective or speculative possibility that "Officer Wood seeks further review of the same conduct by a different body." That is what Butte-Silver Bow bargained for and it should be held to its agreement. The union is correct in maintaining that an unfair labor practice occurred here, and the Board of Personnel Appeals should be affirmed in this action.

John C. Sheehy
Justice

- 8 -

We concur in the foregoing dissent:

_____
Justice Frank B. Morrison

_____
Justice William B. Hunt, Sr.