MR. JUSTICE SHEEHY,
dissenting:
The majority are in grievous error when they conclude that the metropolitan police law (Title 7, Ch. 32, Part 41, MCA) precludes the grievance procedures allowable to a terminated policeman under his union’s collective bargaining agreement.
The majority members ascribe “exclusive” jurisdiction to the police commission under Section 7-32-4155, MCA. The words “exclusive” or “exclusive remedy” are not to be found in Section 7-32-4155, or any other part of the statute which is a part of the Metropolitan Police Law. The assertion that procedure before the police commission is “exclusive” is a legislative amendment to the Metropolitan Police Act beyond the power of this Court to adopt.
Under Section 39-31-305, MCA, collective bargaining includes the performance of the mutual obligation of the public employer and the representatives of the workers to negotiate in good faith with respect to wages, hours, fringe benefits, “and other conditions of employment or the negotiation of an agreement or any question arising *290 thereunder.” This Court said in City of Livingston v. Montana Council No. 9 (1977), 174 Mont. 421, 425, 571 P.2d 374:
“The Supreme Court has held ‘collective bargaining is a continuing process.’ Among other things it involves . . . protection of employees’ rights already secured by contract. Connelly v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, 85 (1957). The processing of grievances in grievance hearings is collective bargaining. Timken Roller Bearing Company v. National Labor Relations Board, 161 F.2d 949, 954 (U.S.C.A. 6th, 1947). In Ostrofsky v. United Steel Workers of America, 171 F.Supp. 782, 790 (D.M.D. 1957) aff’d 273 F.2d 614 (U.S.C.A. 4th, 1960), cert.den. 363 U.S. 849, 80 S.Ct. 1628, 4 L.Ed.2d 1732 (1950 [1960]), the Court stated:
“ ‘. . . the employer had the same duty to bargain collectively over grievances as over the terms of the agreement.’ ”
When the Union and Butte-Silver Bow recognized in their collective bargaining agreement that the law enforcement department is subject to the regulations of the Metropolitan Police Law, it was a recognition of all of the provisions of that Act, including limits on salary, provisions for retirement, as well as the provisions contained in the Act for the termination of a policeman. Nothing in the collective bargaining agreement excluded, withdrew or canceled the right of the employee to found a grievance on the termination proceedings before the police commission within Section 4, Art. 14, of the Collective Bargaining Agreement:
“Section 4: A grievance shall mean a complaint by the employee that he she has been treated unfairly or unjustly in the interpretation and application of the provisions of this agreement or of established policy or practice.”
When the terminated police officer in this case filed his grievance, he was proceeding under the Collective Bargaining Agreement but Butte-Silver Bow refused to process his grievance. The refusal by Butte-Silver Bow to follow the grievance procedure which it had bargained for amounted to a failure to bargain in good faith and constituted an unfair labor practice. See Savage Public Schools v. Savage Education Association (1982), 199 Mont. 39, 647 P.2d 833.
The Collective Bargaining Agreement further provided that even the interpretation of the agreement might give rise to a grievance which would have to be processed under the agreement. Section 6, Art. XIV, provided:
“Section 6: Any grievance or dispute which may arise between the parties including the application, meaning or interpretation of this *291 agreement shall Automatically proceed to the next step.” (Emphasis added.)
Under the Collective Bargaining Agreement, if Butte-Silver Bow disagreed with the application of the Collective Bargaining Agreement to the termination proceedings before the Commission, under the grievance procedure it could refer that question to an arbitrator. It was that step that should have been taken under the agreement by Butte-Silver Bow. Instead it chose to breach its grievance procedure agreement which it had bargained for, and it was thereby guilty of an unfair labor practice.
Finally, terminated Officer Wood is not a party to this action. The parties are Butte-Silver Bow, the Montana State Board of Personnel Appeals, which has determined that Butte-Silver Bow committed an unfair labor practice, and the local union of the American Federation of State, County and Municipal Employees (AFL-CIO). The union is before this Court claiming that Butte-Silver Bow, in refusing to process a grievance, has violated its Collective Bargaining Agreement. That sole issue should be decided by us, and not the prospective or speculative possibility that “Officer Wood seeks further review of the same conduct by a different body.” That is what Butte-Silver Bow bargained for and it should be held to its agreement. The union is correct in maintaining that an unfair labor practice occurred here, and the Board of Personnel Appeals should be affirmed in this action.
MR. JUSTICE MORRISON and MR. JUSTICE HUNT concur in the dissent of MR. JUSTICE SHEEHY.