No. 84-294

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

SAVAGE EDUCATION ASSOCIATION affiliated
with the Montana Education Assoc.,

Plaintiff and Respondent,

-vs-

TRUSTEES OF RICHLAND COUNTY ELEMENTARY
DISTRICT #7 and HIGH SCHOOL DIST. #2,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable R. C. McDonough, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

R. W. Heineman, Wibaux, Montana

For Respondent:

Hilley & Loring; Emilie Loring, Great Falls, Montana

---

Submitted on Briefs: Oct. 18, 1984

Decided: December 28, 1984

Filed: DEC 28 1984

*Ethel M. Harrison*

---

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from an order of the Seventh Judicial District, Richland County by the Trustees of Richland County Elementary District No. 7 and High School District No. 2. The order denied the Trustees' motion to modify, vacate or correct an arbitration award. The order of the District Court is affirmed.

This action has had a long procedural history; this is the second appeal to this Court by the parties involved in this dispute. In March 1979, Dorothy Tone and Connie Undem, both nontenured teachers in Savage, Montana, were notified that their contracts were not being renewed. Both women filed grievances as provided in their collective bargaining agreement. The Trustees held a hearing on June 29, 1979, denied the grievances, and refused to submit them to arbitration.

The Savage Education Association (the Association) filed a complaint charging unfair labor practices with the Montana Board of Personnel Appeals claiming the Trustees were violating § 39-31-401(5), MCA, by refusing to bargain in good faith. The hearing examiner recommended the Trustees implement the arbitration proceedings to resolve the grievance. The Trustees appealed to the Board of Personnel Appeals.

The Board determined that the collective bargaining agreement provided for arbitration of grievances. A grievance between the Association and the Trustees existed concerning whether the procedure for terminating nontenured teachers contained in the collective bargaining agreement had been followed. The Board ordered arbitration to determine

- 2 -

whether the termination procedure was followed in the case of Undem and Tone.

The Trustees appealed to the District Court which reversed the Board of Personnel Appeal's order to arbitrate. The Association appealed to this Court. In Savage v. Savage (Mont. 1982), 647 P.2d 833, 39 St.Rep. 1192, (Savage I), we reversed the District Court and reinstated the decision of Board of Personnel Appeals. We held that the issue of whether the grievance procedure had been followed was a matter for arbitration and we ordered the parties to arbitrate. The arbitrator correctly determined the question before him was whether the Trustees complied with the procedural requirements of Article XIII of the collective bargaining agreement entitled, Employment Status of Teachers. The article requires the Trustees to evaluate the teachers and prepare written findings. Evaluators must also point out specific weaknesses in the teachers' performance and assist them in overcoming such deficiencies. The article also requires that notice of termination in writing, explicitly stating the reasons for termination or nonrenewal, be given to a nontenured teacher before April 15.

The arbitrator found that the Trustees failed to comply with the terms of Article XIII by neglecting to evaluate Ms. Tone and notify her of any perceived deficiences in her teaching performance. The arbitrator also found the the Trustees violated Article XIII § (1)(1) of the agreement by not taking remedial steps to help teacher Undem as required by Article XII of the agreement. The arbitrator determined the remedy for these contract violations was to offer full reinstatement of Connie Undum and Dorothy Tone to their former or comparable positions, together with back pay less

- 3 -

all interim earnings from the effective date of termination to the date of reinstatement or refusal of reinstatment and the clearing of the grievant's official personnel files at the School District of notices of termination. The Trustees refused to comply with the arbitrator's findings. When respondents sought to enforce the arbitrator's award in District Court, the Trustees moved to modify and vacate the award. The motion was denied and the Trustees appealed.

The Trustees contend that the arbitrator exceeded his authority under the contract; that the School District lacked the statutory and constitutional authority to waive certain rights through negotiation and arbitration; that the arbitrator erred in construing the contract; and that the arbitrator exceeded his power in shaping the above remedy. We find the Trustees' arguments to be without merit and consequently affirm the District Court.

In Savage I, we held that under the terms of the collective bargaining agreement, the question of whether or not the Trustees had complied with procedural requirements in Article XIII was subject to arbitration. The agreement called for binding arbitration after exhaustion of grievance procedures. Failure to submit to arbitration was an unfair labor practice as defined in § 39-31-401, MCA.

The arbitrator followed the directive of this Court in Savage I. For the Trustees to argue now that they did not agree to arbitrate this issue and that they are powerless to do so is an attempt to raise issues foreclosed by Savage I.

The Trustees argue that § 20-3-324, MCA, and § 39-31-303, MCA, give them sole direction in hiring and firing teachers.

"Section 20-3-324, MCA. Powers and duties. As prescribed elsewhere in this title, the trustees of each district shall have the power and it shall be their duty to perform the following duties or acts:

"(1) employ or dismiss a teacher . . . as the board may deem necessary, accepting or rejecting such recommendation as the trustees shall in their sole discretion determine, in accordance with the provisions of Tile 20, chapter 4;"

". . .

"Section 39-31-303, MCA. Management rights of public employers. Public employees and their representatives shall recognize the prerogatives of public employers to operate and manage their affairs in such areas as, but not limited to:

"(2) hire, promote, transfer, assign, and retain employees;

". . ."

We recognize the broad managerial power conferred on the School District by statute.

Montana law specifically gives public employees the right to bargain collectively. Section 39-31-201, MCA. Statutes which govern the bargaining process between public employers and their employees are found in Chapter 31, Part 3 of Title 39 of the Montana Code Annotated. Included in this Part is § 39-31-303, MCA, which sets forth the management rights of public employers including the right to hire and fire. However, § 39-31-305, MCA, imposes a duty upon public employers to bargain collectively in good faith with its employees:

"Section 39-31-305. Duty to bargain collectively -- good faith.

"(1) The public employer and the exclusive representative, through appropriate officials or their representatives, shall have the authority and the duty to bargain collectively. This duty extends to the obligation to bargain collectively in good faith as set forth in subsection (2) of this section.

"(2) For the purpose of this chapter, to bargain collectively is the performance of the mutual

- 5 -

obligations of the public employer or his designated representatives and the representatives of the exclusive representative to meet at reasonable times and negotiate in good faith with respect to wages, hours, fringe benefits, and other conditions of employment or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached. Such obligation does not compel either party to agree to a proposal or require the making of a concession." (Emphasis added.)

Section 39-31-304, MCA, provides:

"Section 39-31-304. Negotiable items for school districts. Nothing in this chapter shall require or allow boards of trustees of school districts to bargain collectively upon any matter other than matters specified in 39-31-305(2)."

We held in Savage I that the procedural guarantees contained in Article XIII of the collective bargaining agreement and the grievance procedure which culminated in arbitration were conditions of employment within the meaning of § 39-31-305, MCA. We hold that the School District has the constitutional and statutory authority to enter into the collective bargaining agreements and that the sections of the agreement at issue here were proper subjects of bargaining. We hold that the Trustees, having entered into the agreement in good faith, are bound by it.

The Trustees contend that the arbitrator misinterpreted the contract and provided a remedy to Tone and Undum that was not within his power under the contract. When parties agree to binding arbitration the role of a court in reviewing the arbitrator's findings is a narrow one. The scope of review is governed by §§ 27-5-301 and 27-5-302, MCA. They provide:

"Section 27-5-301. When court may vacate award. The court or judge, on motion, may vacate the award upon any of the following grounds and may order a new hearing before the same arbitrators or not, in its or his discretion:

"(1) It was procured by corruption or fraud.

- 6 -

"(2)  The arbitrators were guilty of misconduct or committed gross error in refusing, on cause shown, to postpone the hearing or in refusing to hear pertinent evidence or otherwise acted improperly in a manner by which the rights of the party were prejudiced.

"(3)  The arbitrators exceed their powers in making the award, or they refused or improperly omitted to consider a part of the matters submitted to them.

"(4)  The award is indefinite or cannot be performed."

"Section 27-5-302.  When court may modify or correct award.  The court or judge may, on motion, modify or correct the award where it appears that:

"(1)  there was a miscalculation in figures upon which it was made or that there is a mistake in the description of some persons or property therein;

"(2)  a part of the award is upon matters not submitted, which part can be separated from other parts and does not affect the decision on the matters submitted;

"(3)  the award, though imperfect in form, could have been amended if it had been a verdict, or the imperfection disregarded."

The District Court found that there were no grounds under these statutes to vacate or modify the award.  We agree.

It would defeat the purpose and the intent of the parties to allow a party dissatisfied by the result of arbitration to litigate all the issues covered in the arbitration anew in court.  This view is aptly reflected by the following quote from the United States Supreme Court:

"The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator.  It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract.  Whether the moving party is right or wrong is a question of contract interpretion for the arbitrator.  In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.

"The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the

- 7 -

written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious. The processing of even frivolous claims may have therapeutic values of which those who are not a part of the plant environment may be quite unaware. United Steelworkers of America v. American Manufacturing Co. (1960), 363 U.S. 564, 567, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1407."

The arbitrator must act within the scope of the contract. In the instant case, the collective bargaining agreement did not set forth any specific remedy for breach of the procedural requirements contained in Article XIII. The Trustees contend the arbitrator did not have the power under the collective bargaining agreement to shape the remedy he provided. The Trustees contend that their statutory power to manage entitles them to prescribe a remedy. Such a position is untenable for it effectively leaves the grievants no remedy. If the remedy fashioned by the arbitrator has been rationally derived from the agreement it will upheld on review. Kittery Teachers Association v. Kittery School Committee (Maine 1980), 413 A.2d 534.

In this case we find reinstatement with back pay and the arbitrator's other remedies to be appropriate. The School District denied Tone and Undum the procedural rights that would have enabled them to save their jobs. Their jobs were lost and the remedy prescribed by the arbitrator compensated them for that loss. It is no answer for the Trustees to say that if they had complied with the bargained for procedures under Article XIII, they would have terminated the teachers anyway because they contend there is no substantive basis required under the contract or the law to terminate the teachers. It was the failure of the School District to follow the procedural steps affecting non-tenured teachers as required by law that now prevents any consideration of

- 8 -

substantive reasons for termination the School District may have had. It is a matter of failure of due process.

The order of the District Court is affirmed and the case remanded to enforce the arbitrator's award.

Affirmed.

_John C. Sheehy_
Justice

We concur:

_Frank I. Haswell_
Chief Justice

_Daniel J. Shea_

_Jean Conway Johnson_
Justices

Mr. Justice Fred J. Weber dissents as follows:

I respectfully dissent from the majority opinion to the extent that it affirms in its entirety the award fashioned by the arbitrator. I have concluded that the award of reinstatement to the teachers is beyond the power granted to the arbitrator.

The extent of the power of review by the District Court of the arbitration award is stated in § 27-5-301, MCA.

"The court or judge, on motion, may vacate the award upon any of the following grounds and may order a new hearing before the same arbitrators or not, in its or his discretion:

". . .

"(3) The arbitrators exceeded their powers in making the award, or they refused or improperly omitted to consider a part of the matters submitted to them. . . ."

In fashioning his award, it is my conclusion that the arbitrator disregarded a key portion of the collective bargaining agreement between the parties, that being Art. XVII, Grievance Procedure; Section 7, Arbitration; Subdivision 6, Jurisdiction:

"The arbitrator shall have jurisdiction over disputes or disagreements relating to grievances properly before the arbitrator pursuant to the terms of this procedure. The jurisdiction of the arbitrator shall not extend to proposed changes in terms and conditions of employment as defined herein and contained in this written agreement; nor shall an arbitrator have jurisdiction over any grievance which has not been submitted to arbitration in compliance with terms of the grievance and arbitration procedure as outlined herein; nor shall the jurisdiction of the arbitrator extend to matters of inherent managerial policy as defined in Article IV of this Agreement. In considering any issue in dispute, in its order, the arbitrator shall give due consideration to the statutory rights and obligation of the school district to efficiently manage and conduct its operation within its legal rights in the operation of the school district." (emphasis supplied)

Article IV of the Agreement in pertinent part states:

"ARTICLE IV

"SCHOOL DISTRICT RIGHTS

"Section 1: Inherent Managerial Rights: The exclusive representative recognizes that the school district is not required to and is not permitted to meet and negotiate on matters of inherent managerial prerogatives, which include but are not limited to the following: directing employees, hiring, promoting, transferring, assigning and retaining employees. . . ."

Under Article IV it is apparent that there can be no collective bargaining on the question of retaining an employee teacher. When we again look at the Grievance Procedure under Artivle XVII, we see that the jurisdiction of the arbitrator does not extend to matters of inherent managerial prerogative, which would include the retaining of employees. Thus, it seems clear that under this collective bargaining agreement the arbitrator is not allowed to require retention of a teacher as an arbitration remedy. I note that the majority opinion disagrees with this conclusion and suggests that such a position is untenable because it effectively leaves the aggrieved teachers without a remedy. I respectfully disagree with that conclusion.

Under Subdivision 6, the arbitrator clearly has jurisdiction over this dispute. Notwithstanding this jurisdiction over the dispute, it is clear that the subdivision does not allow the arbitrator, as an example, to propose changes in the terms and conditions of employment; nor does he have jurisdiction to make decisions which are matters of inherent managerial policy as defined under Article IV, which specifically includes retaining of employees.

In this instance, the arbitrator's award stated:

"2. The proper remedy for this violation is to offer Dorothy Tone and Connie Undem reinstatement to their former or comparable positions, together with back-pay less all interim earnings from the effective date of termination to the date of reinstatement or refusal of reinstatement . . ."

11

The effect of this award is to require the District to retain the two employees for their fourth year, thereby giving them tenure. This award disregards the District's undisputed prerogative to make decisions regarding the retaining of employees. It seems clear that under the collective bargaining agreement the remedy to be awarded in this instance should have been limited to a dollar award equal in amount to the loss suffered by the teachers. That would constitute an appropriate remedy which does not violate the negotiated contract.

I would vacate the reinstatement remedy and remand for a determination by the arbitrator of such a dollar amount as he finds to be reasonable to meet the losses of the teachers, but specifically excluding a reinstatement award.

_____
Justice

12