[No. B048736. Second Dist., Div. Five. Mar. 19, 1991.]

BELLFLOWER EDUCATION ASSOCIATION, CTA/NEA, Plaintiff and Appellant, v.
BELLFLOWER UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

806

---

COUNSEL

Schwartz, Steinsapir, Dohrmann & Sommers and Michael R. Feinberg for Plaintiff and Appellant.

Eric Bathen for Defendant and Respondent.

## OPINION

GRIGNON, J.—By this appeal, appellant Bellflower Education Association, CTA/NEA (the Union), seeks reversal of a judgment vacating an arbitration award and requests an order remanding the case to the superior court for confirmation of that award. Respondent Bellflower Unified School District (the District), against whom the award issued, maintains that the award was properly vacated as being in excess of the arbitrator's statutory authority. We affirm in part and reverse in part the judgment of the superior court.

### FACTS AND PROCEDURAL BACKGROUND

The Union and the District are parties to a collective bargaining agreement encompassing the period July 1, 1987, through June 30, 1990 (the Agreement). The Agreement provides, inter alia, for a grievance and arbitration procedure which includes final and binding arbitration of grievances. The Agreement also provides procedures for the evaluation of the performance of certificated employees, i.e., teachers.

During 1988, Glenda McManus, (grievant herein), filed three grievances (collectively, the grievance) against the District in which she claimed that the District had failed to conduct her performance evaluations in accordance with the procedures set forth in the Agreement. Grievant was a probationary teacher during the 1986-1987 and 1987-1988 school years. On March 9, 1988, the District gave grievant timely notice that she would not be reelected to employment for the 1988-1989 school year.[1] Grievant contended that because the District failed to observe the negotiated procedures for her performance evaluation, she was deprived of a fair opportunity to achieve permanent or tenured status. By her action, she sought to have all derogatory information removed from her personnel file, and also sought reinstatement to an additional year of probationary employment.

On October 11, 1988, the grievance was heard before an arbitrator. The District moved to dismiss the grievance on the ground that it was not arbitrable. The District contended that, under California law, the nonreelection of probationary employees may not be subject to arbitration.

---

[1] Section 44929.21, subdivision (b) of the Education Code concerns probationary certificated employees and provides for a two-year probationary period. If a probationary employee is reelected to a third year of employment then, at the commencement of the third year, the employee "shall . . . become a permanent employee of the district." Notice of nonreelection must be given by March 15th of the second probationary year. (See Discussion, *post*.)

The District further argued that the matter was moot, in that any information which grievant wished to have removed from her personnel file was not contained therein and the District would make the file available for grievant's inspection. Following posthearing briefs on this issue, the arbitrator issued an arbitration decision finding that the matter was arbitrable. The arbitrator reserved judgment as to whether any of the relief sought by grievant was available. The hearing was reconvened on April 8, 1989, and additional briefs were submitted by June 30, 1989. The arbitrator issued his decision and award on October 27, 1989. The arbitrator found that the District had violated the evaluation procedures with respect to grievant, ordered the District to cease and desist from conducting further evaluations in violation of the Agreement, and ordered that grievant be reinstated for an additional probationary year, during which time she was to be evaluated for reelection in accordance with procedures set forth in the Agreement.

On November 2, 1989, the Union filed a petition seeking confirmation of the arbitration award. The District filed a petition to vacate the arbitration award on November 8, 1989. The District maintained in its petition that the nonreelection of probationary employees is not governed by the Agreement between the parties and is preempted by Education Code section 44929.21, as interpreted in *Fontana Teachers Assn.* v. *Fontana Unified School Dist.* (1988) 201 Cal.App.3d 1517 [247 Cal.Rptr. 761]. Following hearing on the matter, the trial court issued its judgment on February 23, 1990, denying the petition to confirm the arbitration award and granting the petition to vacate the arbitration award. This appeal followed.

### DISCUSSION

California law provides that any probationary employee of a school district with an average daily attendance of 250 or more who completes 2 consecutive school years in a position requiring certification qualifications and who is reelected for the following school year shall be considered a permanent employee of the district. The District must give notice of nonreelection of probationary employees on or before March 15 of the employee's second probationary year. (Ed. Code, § 44929.21.) ■■■ Probationary teachers may be nonreelected without any showing of cause, without any statement of reasons, and without any right of appeal or administrative redress. (*Grimsley* v. *Board of Trustees* (1987) 189 Cal.App.3d 1440 [235 Cal.Rptr. 85] [interpreting former Ed. Code, § 44882, the language of which is now contained in § 44929.21].)

Government Code section 3543.2, subdivision (a) sets forth the scope of representation under a collective bargaining agreement and provides:

"The scope of representation shall be limited to matters relating to wages, hours of employment, and other terms and conditions of employment. 'Terms and conditions of employment' mean . . . procedures to be used for the evaluation of employees, . . . All matters not specifically enumerated are reserved to the public school employer and may not be a subject of meeting and negotiating . . . ."

Subdivision (b) of section 3543.2 provides that "the public school employer and the exclusive representative shall, upon request of either party, meet and negotiate regarding causes and procedures for disciplinary actions, other than dismissal . . . affecting certificated employees."

The Agreement between the District and the Union provides in its article V for a grievance procedure. A grievance is defined in article V as an allegation by an employee that the District has violated, misinterpreted or misapplied a provision of the Agreement. Grievances which are not settled at the District level are subject to binding arbitration. Whether a grievance is arbitrable is to be determined by the arbitrator.

Article IX of the Agreement sets forth procedures for the evaluation of the performance of the District's permanent and probationary teachers. There is no language in article IX which makes it applicable to nonreelection. In fact, article IX specifically states: "While evaluation procedures may in many cases be related for disciplinary purposes to disciplinary and/or discharge proceedings, discipline and discharge procedures may in appropriate cases be undertaken independently of the evaluation and grievance procedures contained in the Agreement. This provision shall not, however, constitute a waiver of any rights a [teacher] may have to adequate notice of performance deficiencies and adequate opportunity to improve."

Article III of the Agreement concerns rights retained by the District. It provides that all matters which are not enumerated as within the scope of negotiation in Government Code section 3543.2 are retained by the District. It provides further that the District retains the right to "select, classify, direct, utilize, promote, demote, discipline, lay off, terminate and retire any personnel of the District, subject to Education Code restrictions . . . ."

In *Fontana Teachers Assn.* v. *Fontana Unified School Dist., supra,* 201 Cal.App.3d 1517, a second-year probationary teacher had been notified in a timely manner that she would not be reelected for the coming school year. She filed a grievance pursuant to the terms of a collective bargaining agreement between the teachers' union and the school district, alleging that the school district had not provided just cause for her termination and had not

complied with provisions of the collective bargaining agreement relating to disciplinary procedures. The agreement permitted the teachers' union to submit a grievance to arbitration. The agreement did not authorize the arbitrator to determine whether a grievance was arbitrable. The school district maintained that the matter was not grievable and also refused to submit the matter to arbitration. The teachers' union filed a petition to compel arbitration, which was denied by the trial court.

On appeal, the teachers' union argued that nonreelection was, in effect, a dismissal which could be a form of discipline subject to the disciplinary procedures of the collective bargaining agreement. The teachers' union conceded, however, that the arbitrator was without the power to reinstate the teacher. The court concluded that, assuming that dismissal could constitute a form of discipline, it was a particular form of discipline which had been preempted by the Education and Government Codes and was, therefore, not subject to the disciplinary procedures of the agreement. The court also concluded that any other remedy which the arbitrator might order would be of no avail to the teacher who had been dismissed and refused to order arbitration of the grievance.

The District argues that the case at bar is controlled by *Fontana*. The District submitted to arbitration herein because, unlike the collective bargaining agreement in *Fontana*, the Agreement here provides that issues of arbitrability must be submitted to arbitration. The District does not challenge the arbitrator's finding that a violation of the evaluation procedures occurred. Rather, the District contends that the arbitrator exceeded his authority in ordering grievant reinstated.

The Union, on the other hand, contends that arbitration of the evaluation procedure violations is proper under Government Code section 3543.2, subdivision (a). The Union also contends that the arbitrability of evaluation procedure violations is not in conflict with any mandatory provisions of the Education Code. The Union takes the position that evaluation procedures which serve as a predicate for nonreelection of probationary certificated employees are within the proper scope of bargaining under the Government Code, notwithstanding *Fontana*. ██ Relying on authority from New York, Massachusetts, Oregon, and Washington,[2] the Union contends

---

[2] We have reviewed the considerable authority on this subject in sister-state jurisdictions. We note that there is substantial authority for both points of view. States which have concluded that reinstatement of probationary teachers is a permissible remedy for violation of collective bargaining provisions concerning teacher evaluation procedures include: Massachusetts (*School Committee of Danvers* v. *Tyman* (1977) 372 Mass. 106 [360 N.E.2d 877]; *School Committee of Dennis-Yarmouth* v. *Dennis Teachers' Association et al.* (1977) 372 Mass. 116 [360 N.E.2d 883]; *School Committee of West Bridgewater* v. *West Bridgewater*

that an arbitrable order of reinstatement to remedy such evaluation procedure violations would not eviscerate the District's exclusive control over the conferral of tenure. The Union concedes that the arbitrator is not empowered to order the District to reelect grievant, thus awarding her a tenured position. However, the Union argues that reinstatement, together with extension of the probationary period, would not impinge on the District's right to nonreelect grievant without cause; it would simply require that the proper evaluation procedures be followed. We disagree.[3]

Under section 44929.21, subdivision (b) of the Education Code and *Grimsley, supra,* nonreelection of probationary teachers is within the sole discretion of the school district. A probationary teacher may be timely nonreelected without any cause whatsoever, without any statement of reasons and without any hearing or appeal. Under the authority of *Fontana,* collective bargaining agreements are preempted as to causes and procedures relating to nonreelection.

We note that the Agreement in this case does not purport to establish procedures relating to dismissals or nonreelections. The Agreement sets up general evaluation and grievance procedures. It does not attempt to apply

*Teachers' Association* (1977) 372 Mass. 121 [360 N.E.2d 886]); New York (*Board of Education of Bellmore-Merrick Central High School, Nassau County* v. *Bellmore-Merrick United Secondary Teachers, Inc.* (1976) 39 N.Y.2d 167 [383 N.Y.S.2d 242, 347 N.E.2d 603]); Oregon (*North Clackamas School District No. 12* v. *North Clackamas Education Association* (1981) 54 Ore.App. 211 [634 P.2d 1348]); Montana (*Savage Education Association* v. *Trustees of Richland County Elementary School District No. 7 and High School District No. 2* (1984) 214 Mont. 289 [692 P.2d 1237]); South Dakota (*Fries* v. *Wessington School District* (S.D. 1981) 307 N.W.2d 875); Washington (*Eyre* v. *Big Bend Community College* (1983) 36 Wn.App. 154 [672 P.2d 1270]); and Maine (*Lisbon School Committee* v. *Lisbon Ed. Ass'n.* (Me. 1981) 438 A.2d 239.) States which have concluded that reinstatement is unavailable as a remedy under these circumstances include: Alaska (*Gorder* v. *Matanuska-Susitna Borough Sch. Dist.* (Alaska 1973) 513 P.2d 1094; *Jones* v. *Wrangell School Dist.* (Alaska 1985) 696 P.2d 677); New Jersey (*Board of Education, Township of Wyckoff* v. *Wyckoff Education Association* (1979) 81 N.J. 349 [407 A.2d 1222]); Oklahoma (*Mindemann* v. *Independent School District No. 6* (Okla. 1989) 771 P.2d 996; *Raines.* v. *Independent School Dist. No. 6* (Okla. 1990) 796 P.2d 303); and Illinois (*Illinois Education Association* v. *Board of Education* (1975) 62 Ill.2d 127 [340 N.E.2d 7]; *Board of Trustees* v. *Cook County College Teachers Union* (1975) 62 Ill.2d 470 [343 N.E.2d 473]). Decisions of sister states are persuasive only in the absence of controlling California authority. (*Coombes* v. *Getz* (1933) 217 Cal.320, 330 [18 P.2d 939]; see cases in 9 Witkin, Cal. Procedure (3d ed. 1985) Appeals, § 778, pp. 748-749.)

[3] We note a recent decision by the Fifth District, *McFarland Unified School Dist.* v. *Public Employment Relations Bd., ante,* page 166 [279 Cal.Rptr. 26]. *McFarland* is inapposite to the instant case. It holds that the Public Employment Relations Board, pursuant to its *statutory* authority to order reinstatement as a remedy for unfair labor practices, may order a probationary teacher's reinstatement to a tenured position upon its determination that an unfair labor practice resulted in nonreelection. To the extent that *McFarland* implies that reinstatement of a probationary teacher to a tenured position does not interfere with a district's authority to establish and regulate tenure, we disagree.

those procedures to dismissals or nonreelections. We conclude that not only is the Agreement not applicable by its terms to nonreelection, but any such application would be preempted by the Government and Education Code sections previously discussed.

Members of local school boards are elected by the people. These boards are representative governmental bodies upon whom certain statutory duties are imposed. One of these statutory duties is the reelection or nonreelection of probationary teachers. A school board may not delegate this statutory duty to an arbitrator, because our democratic system demands that governmental bodies concerned with the employment of the teachers of our children remain accountable to the people who have elected them. Decisions relating to significant matters of policy cannot be relegated to the collective bargaining process where the people cannot participate and cannot hold actors accountable. This is the essence of representative government.

Here, the subject of the grievance, violation of bargained-for evaluation procedures, is within the allowable scope of collective bargaining under the Government Code. The remedy of reinstatement, however, is beyond the scope of the arbitrator's powers under the Agreement even in the presence of a properly arbitrable grievance. Reinstatement would interfere with the District's exclusive right and statutory duty to dismiss probationary employees under applicable provisions of the Education Code, for any reason, without providing a statement of that reason and without the need for hearing and appeal from such decisions.[4] An arbitration award which exceeds the powers vested by the agreement may be vacated. (Code Civ. Proc., § 1286.2, subd. (d); *Delta Lines, Inc.* v. *International Brotherhood of Teamsters* (1977) 66 Cal.App.3d 960, 966 [136 Cal.Rptr. 345].)

The finding by the arbitrator that evaluation procedures were violated was not challenged by the District and remains unaffected by this decision. Additionally, the arbitrator's order that the District cease and desist[5] from conducting certificated employee evaluations in violation of the Agreement's evaluation procedures was within the scope of his authority and not in conflict with any applicable statutes. We find that the award may be

[4] See, e.g., *United Steelworkers of America* v. *Board of Education* (1984) 162 Cal.App.3d 823, 840 [209 Cal.Rptr. 16] (". . . for the dismissal of a classified school district employee the requirement of Education Code section 45113 that the governing board's determination be 'conclusive' is inconsistent with the suggestion that a separate and independent right to final and binding arbitration also exists.").

[5] The arbitrator observed that this was an "empty remedy" for a dismissed employee and appeared to order reinstatement out of a sense of equity. We note, however, that the Agreement provides that "[t]he arbitrator shall not render any decision or award . . . merely because in his/her opinion such decision or award is fair or equitable."

corrected without affecting the merits of the decision upon the controversy submitted (Code Civ. Proc., § 1286.6) and need not be vacated in its entirety (Code Civ. Proc., § 1286.2).

### DISPOSITION

The judgment of the superior court vacating the arbitration award and refusing to confirm the arbitration award is reversed. We remand to the trial court to issue a judgment confirming the arbitration award with directions to correct it by deleting the order of reinstatement contained therein. Each party shall bear its costs on appeal.

Turner, P. J., and Ashby, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 17, 1991. Broussard, J., and Kennard, J., were of the opinion that the petition should be granted.