TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 95-207 |
| of | : | |
| | : | July 25, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE THOMAS F. CASEY, COUNTY COUNSEL, COUNTY OF SAN MATEO, has requested an opinion on the following question:

When the members of a school district governing board discuss whether to employ a probationary certificated employee for a third consecutive school year, may the employee require that the discussion be held in public?

CONCLUSION

When the members of a school district governing board discuss whether to employ a probationary certificated employee for a third consecutive school year, the employee may not require that the discussion be held in public.

ANALYSIS

Education Code section 44929.21, subdivision (b)[1] provides in part:

"Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two

---

[1] All references to the Education Code prior to footnote 2 are by section number only.

complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year, be classified as and become a permanent employee of the district.

"The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year."

We are asked to determine whether the governing board of a school district may make its decision whether to employ a probationary certificated employee for a third consecutive school year in a closed session of the board without allowing the employee or members of the public to be present. We conclude that the discussion may be held in closed session regardless of the employee's request that the discussion be held in public.

As recently observed in *Cousins* v. *Weaverville Elementary School Dist.* (1994) 24 Cal.App.4th 1846 with respect to the limited rights of probationary school employees:

"The Education Code establishes two major classes of certificated school employees, permanent and probationary. (Ed. Code, § 44929.21. . . .) Unlike probationary employees permanent employees enjoy tenure and may only be dismissed for cause. (§§ 44955, 44932-44947.) A probationary employee enjoys less job security; although dismissal during the school year must be based on cause, a probationary teacher may be dismissed at the end of the school year by a simple notice of non-reelection. (§ 44929.21.) In school districts with an average daily attendance of 250 or more a probationary employee becomes permanent upon the commencement of a third consecutive school year in a certificated position. (*Ibid*.)" (*Id*., at p. 1849; footnote omitted.)

Probationary teachers may be "non-reelected" without any showing of cause, without any statement of reasons, and without any right of appeal or administrative redress. (*Bellflower Education Assn.* v. *Bellflower Unified School Dist.* (1991) 228 Cal.App.3d 805, 808; *Grimsley* v. *Board of Trustees* (1987) 189 Cal.App.3d 1440, 1448 [interpreting former § 44882, the language of which is now contained in § 44929.21].) In addition to being subject to non-reelection for the next succeeding school year, first and second year probationary employees may be dismissed during the school year for unsatisfactory performance pursuant to provisions concerning the evaluation and assessment of performance of certificated employees (§ 44660, et seq.) or for cause pursuant to section 44932. Either of these procedures requires a statement of reasons and notice to the employee of the opportunity to appeal the matter before an administrative law judge. Special procedures apply to termination for budgetary or financial reasons. (§ 44955; see *Cousins* v. *Weaverville Elementary School Dist.*, *supra*, 24 Cal.App.4th at 1854.)

As found in *McFarland Unified School Dist.* v. *Public Employment Relations Bd.* (1991) 220 Cal.App.3d 166, 169: "There is no question but that the final determination about rehiring probationary teachers lies within the discretion of the governing board and that tenure can be denied for any lawful reason regardless of the sufficiency of the cause."   And as explained in *Paramount Unified School Dist.* v. *Teachers Assn. of Paramount* (1994) 26 Cal.App.4th 1371, 1378:  "Because probationary teachers do not have a vested property interest in their positions, non-reelection does not deprive them of property without due process of law and therefore they are not entitled to a hearing or statement of reasons for their dismissal under the provisions of Education Code section 44929.21, subdivision (b). . . ."

Even though a non-reelection decision under the terms of section 44929.21 does not constitute a "for cause" termination, we assume for purposes of this analysis that the members of a board intend to discuss possible reasons for not employing a probationary certificated employee for a third consecutive year.  Under such circumstances must the discussion be held in public if the employee so requests?

To answer this question we turn to the open meeting requirements of the Ralph M. Brown Act (Gov. Code, §§ 54950-54962; hereafter "Act").[2]  The Act generally requires that all meetings of "legislative bodies" of "local agencies," including school districts (§ 54951), are to be open to the public.  Any closed session may only be conducted pursuant to statutory authorization. (§ 54962.)

One such statutory authorization is section 54957 which contains the so-called "personnel exception" to the open meeting requirements of the Act.  Section 54957 provides in pertinent part as follows:

> "Nothing contained in this chapter shall be construed to prevent the legislative body of a local agency . . . from holding closed sessions during a regular or special meeting to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to hear complaints or charges brought against the employee by another person or employee unless the employee requests a public session.

> "As a condition to holding a closed session on specific complaints or charges brought against an employee by another person or employee, the employee shall be given written notice of his or her right to have the complaints or charges heard in an open session rather than a closed session, which notice shall be delivered to the employee personally or by mail at least 24 hours before the time for holding the session.  If notice is not given, any disciplinary or other action taken by the legislative body against the employee based on the specific complaints or charges in the closed session shall be null and void. . . ."

---

[2]All references hereafter to the Government Code are by section number only.

The underlying purposes of the "personnel exception" are (1) to permit free and candid discussion of personnel matters by a local governmental body and (2) to protect the employee from public embarrassment. (*San Diego Union* v. *City Council* (1983) 146 Cal.App.3d 947, 955; 63 Ops.Cal.Atty.Gen. 153, 155 (1980); 61 Ops.Cal.Atty.Gen. 283, 291 (1978).) As an exception to the open meeting requirements (§ 54953), the "personnel exception" is to be narrowly construed. (*San Diego Union* v. *City Council, supra*, 146 Cal.App.3d at 955.)

There can be little doubt that considering whether to grant tenure to a probationary employee is a matter within the scope of the personnel exception. That question concerns the duration of the public employee's employment. A decision not to reelect is a form of "dismissal" (see *Fontana Teacher's Assn.* v. *Fontana Unified School Dist.* (1988) 201 Cal.App.3d 1517, 1524), the consideration of which may be undertaken in a closed session under the terms of section 54957.

Moreover, any discussion of whether to grant tenure to a particular probationary employee would obviously center upon an evaluation of the employee's performance.[3] A certificated employee's job performance is reflected in a written evaluation and assessment of performance which is prepared for each such employee on a continuing basis, with probationary employees being evaluated at least once each school year. (Ed. Code, §§ 44662, 44663, 44664.)[4] The evaluation is discussed with the employee by the evaluator, and the employee has the right to prepare a written response to the evaluation, with such response becoming a permanent attachment to the employee's personnel file. (Ed. Code, § 44663.) We assume that a probationary employee's evaluation and response, if any, would be the basis for a board's decision to reelect or non-reelect the employee. Hence the discussion concerning whether to grant tenure to the employee may be held in closed session under the terms of section 54957 as the consideration of an "evaluation of performance."

We reject the suggestion that a discussion of whether to employ a probationary certificated employee for a third consecutive year would come within the "complaints or charges" language of section 54957. In 61 Ops.Cal.Atty.Gen. 283, *supra*, we analyzed the "complaints or charges" phrase prior to the statute's incorporation of the "evaluation of performance" language (Stats. 1982, ch. 298, § 2) in determining whether an employee's job performance could be discussed without allowing the discussion to be held in public. We concluded:

> "It is therefore concluded that at a minimum, section 54957 contemplates that an executive session may be called to discuss *specific* complaints or *specific* charges against an employee before an employee may assert that he has a right to be informed of such matter and requests an open `hearing' or meeting. Such a conclusion at least strikes some reasonable balance between a local body's ability to regulate its personnel

___

[3] As previously noted, termination for economic considerations is covered by Education Code section 44555, subdivision (b).

[4] Of course, a board need not find that the employee has performed unsatisfactorily in order to deny tenure. It may simply decide that another candidate for the position is better qualified or has greater potential.

matters and an employee's right to have adverse matters concerning his employment aired at a public meeting. Such a conclusion also appears to be more in harmony with the wording of section 54957 than a conclusion that not one critical word may be said of an employee without his having a right to prior notice thereof and the right to a public hearing on such statement. From this conclusion it follows that a general discussion of an employee's job performance may be held pursuant to section 54957 without giving an employee prior notice thereof and an opportunity to demand that the discussion be held at an open hearing." (*Id*., at p. 291; fn. omitted.)

A school administrator might not be able to give the board a full and complete assessment of a probationary employee's performance if any critical remark in the written evaluation could result in a violation of the notification and open-session requirements of the Act. Moreover, the March 15 deadline for making a non-reelection determination, with prior notification provided to the employee, might not give the board sufficient time to act in such circumstances. The language of section 54957 need not be read so broadly as to undermine the procedure envisioned by Education Code section 44929.21.

Excluding statutorily mandated performance evaluations and any discussions thereof from the meaning of "complaints or charges" in section 54957 is consistent with the qualifying phrase: "brought against the employee by another person or employee . . . ." Both "complaint" and "charge" connote an accusation, something which is "brought against" an individual. Performance evaluations conducted in the due course of district business are not in the nature of an accusation and are not normally thought of as being "brought against the employee." This is particularly true when the evaluation is used as a basis for determining whether to reelect a probationary employee.

This interpretation of "complaints or charges," as those terms are used in section 54957, also comports with the wide latitude afforded to school districts in deciding whether to reelect probationary employees. "Under section 44929.21 . . . non-reelection of probationary teachers is within the sole discretion of the school district. A probationary teacher may be timely non-reelected without any cause whatsoever, without any statement of reasons, and without any hearing or appeal." (*Bellflower Education Assn.* v. *Bellflower Unified School Dist.*, *supra*, 228 Cal.App.3d at 811.)

In answer to the question presented, therefore, we conclude that absent special circumstances, when the members of a school district governing board discuss whether to employ a probationary certificated employee for a third consecutive school year, the employee may not require that the discussion be held in public.

* * * * *